IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LAURA MAULL | ) | Case No. 1:09-cv-770 |
| | ) | |
| Plaintiff | ) | (Judge Dlott) |
| | ) | |
| -vs- | ) | <u>COMPLAINT AND JURY DEMAND</u> |
| | ) | |
| MIDLAND FUNDING, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| YALE R. LEVY, | | |
| | | |
| And | | |
| | | |
| LEVY & ASSOCIATES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code §§ 1345.01 *et seq.* Plaintiff avers that Defendants are debt collectors who have engaged in unfair debt collection practices by filing a collection complaint which contained false, deceptive and misleading representations, a false affidavit, and a fake account statement, all in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(10), 1692f and Ohio Rev. Code §§ 1345.02 and .03.

**JURISDICTION AND VENUE**

2. Jurisdiction in this court is invoked pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Jurisdiction over the Ohio cause of action is proper under 28 U.S.C.

§ 1367. Venue in this district is proper pursuant to 28 U.S.C. §1391, since Defendants committed the act complained of in this district and Plaintiff resides in this district.

## PARTIES

3. Plaintiff is a resident of Cincinnati, Ohio, and is a consumer as it is defined in the FDCPA at 15 U.S.C. § 1692a (3) and the OCSPA at Ohio Rev. Code § 1345.01 (D). Any alleged debt she may have incurred which is material to this action was primarily for personal, family or household purposes.

4. Defendant Midland Funding LLC ("Midland") is a debt buyer in that it purchases defaulted debt from original creditors and from other debt buyers. It is also a debt collector as defined in 15 U.S.C. § 1692a(6) in that it uses an instrumentality of interstate commerce and/or the mails in its business, the principal purpose of which is to collect debts. As a debt collector it is also a "supplier" as defined in the OCSPA at Ohio Rev. Code § 1345.01(C).

5. Defendant Levy is the attorney who signed the state-court pleading which is the subject of this lawsuit. He is a debt collector as defined in 15 U.S.C. § 1692a(6) in that he uses an instrumentality of interstate commerce and/or the mails in his business, the principal purpose of which is to collect debts. He is also a debt collector in that he regularly collects or attempts to collect debts owed or due to another. As a debt collector he is also a "supplier" as defined in the OCSPA at Ohio Rev. Code § 1345.01(C).

6. Defendant, Levy & Associates, LLC is a law firm which is also a debt collector as defined in 15 U.S.C. § 1692a(6), in that it uses an instrumentality of interstate commerce and/or the mails in its business, the principal purpose of which is to collect debts; it also regularly collects or attempts to collect debts owed or due to another. As a

debt collector it is also a "supplier" as defined in the OCSPA at Ohio Rev. Code § 1345.01(C).

## FACTS

7. On or about August 21, 2008, Defendant Levy filed a complaint against Plaintiff in the Hamilton County Municipal Court, on behalf of Defendant Midland Funding.

8. The complaint averred that Midland Funding was an assignee of Maryland National Bank and as such had the right to collect the alleged debt of $7,989.06, plus interest, from Plaintiff.

9. The prayer for relief demanded judgment against Ms. Maull for $7,989.06 "plus interest at 8% from November 28, 2003 . . . ."

10. Paragraph 4 of the Hamilton County complaint reiterated the amount owed and added, "copies of which are attached hereto, and incorporated herein, as Exhibit 'A.'" However, Exhibit A was actually an affidavit, entitled "Form 400," apparently executed in Minnesota by an Judy Richter, an employee of Midland Credit Management, Inc., which the affiant identified as "the servicer of this account on behalf of [Defendant] Midland Funding LLC."

11. The Richter affidavit stated that the affiant had "personal knowledge of all relevant financial information concerning Midland Credit Management, Inc.'s account number _____ [redacted];" personal knowledge "that the defendant [Plaintiff herein, Laura J. Maull] did fail to make payments on the account;" and personal knowledge "that demand has been made for defendant to make payment of the balance owing on the account . . . ."

12. The affiant also swore, based upon personal knowledge, "that the attorneys representing Plaintiff Midland Funding LLC were retained on Midland Funding LLC [*sic*] behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above . . . ."

13. The affidavit also states, based upon personal knowledge of the affiant, "that plaintiff [Defendant herein, Midland Funding]'s predecessor in interest sold and assigned all right, title and interest in the defendant's Maryland National Bank account to the plaintiff."

14. The affidavit also stated, as a matter of personal knowledge of the affiant, that "the final statement of account reveals that the defendant owed a balance of $7,989.06 on the following date: 11/28/03; and that such balance will continue to earn interest at a rate of 10% as annual percentage rate calculated as required by the Federal Truth in Lending Act, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment."

15. The affiant also swore that "based upon business dealings with the defendant, the defendant, Laura Maull is not a minor or mentally incapacitated person."

16. The affiant also certified "under penalty of perjury that the foregoing statements are true and correct."

17. Attached to the affidavit was a document on a separate page entitled "Statement," which had many elements of a monthly statement from a credit card issuer. This document purported had a "Statement Date" of October 12, 2007; it listed the "New

4

Balance" on the account as $12,615.02; it set a "Due Date" of 11-11-2007; and it asserted that the amount owed was subject to an interest rate of 15.00%.

## FIRST CAUSE OF ACTION

18. Plaintiff reasserts and realleges each and every allegation set forth above as if fully rewritten herein.

19. Defendants' representations contained in their complaint, their affidavit, and their attachment to the affidavit, were false, deceptive and/or misleading in violation of 15 U.S.C. § 1692e and e(10); they falsely represented the amount and/or the legal status of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(2)(A); and they constituted an unfair and/or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

20. As a direct and proximate result of these violations, Plaintiff suffered damages to be proved at trial.

## SECOND CAUSE OF ACTION

21. Plaintiff reasserts and realleges each and every allegation set forth above as if fully rewritten herein.

22. Defendants' conduct as described above also constituted a violation of the OCSPA, and specifically Ohio Rev. Code §§ 1345.02 and .03, which prohibit the use of deceptive, unfair and/or unconscionable means to collect a debt.

23. As a direct and proximate result of these violations, Plaintiff suffered damages to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for the following relief:

    a.    Compensatory damages, including the reasonable value of the services of Plaintiff's attorney in the Hamilton County action and including Plaintiff's non-economic damages, including emotional distress damages;

    b.    Statutory damages;

    c.    A declaration that Defendants' conduct violated both the FDCPA and the OCSPA;

    d.    An injunction against Defendants prohibiting them from continuing that conduct;

    e.    A reasonable attorney fee and the costs incurred in the prosecution of this action; and

    f.    Such further relief as this Court deems just and proper at law or in equity.

Respectfully submitted,

*/s/Stephen R. Felson*
Stephen R. Felson (0038432)
215 E. Ninth St., Suite 650
Cincinnati, Ohio 45202
(513) 721-4900
(513) 639-7011 (fax)
SteveF8953@aol.com

Miriam H. Sheline (0018333 )
Pro Seniors, Inc.
7162 Reading Road, Suite 1150
Cincinnati, Ohio 45237
(513) 345-4160
msheline@proseniors.org
Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury as provided pursuant to the Civil Rules of Procedure.

*/s/ Stephen R. Felson*